Mr. Justice ThacheR
delivered the opinion of the court.
Judgment was rendered in the circuit court, upon a motion for an award of execution upon a replevy bond given in a distress for rent.
It is objected that the instrument upon which the award was claimed was not duly sealed.
The instrument in its body contains the words “ sealed with ®ur seals,” and against each name is written the word “ seal.”
It is enacted, in this state, that “ any instrument, to which the person making the same, shall affix a scroll, by way of seal, shall be adjudged and holden to be of the same force and obligation as if it were actually sealed.” In the case of McGuire v. McRaven, decided at this term, a deed was sealed by a circular scroll containing the word “seal,” and it was held, that whenever it is manifest that a scroll is intended to be used “ by way of seal,” it must have that effect, whether it so *486 appears from the body of the instrument, or from the seroil itself. From this decision, it is deducible that any affixture to an obligor’s name in an instrument, and in the locus sigilli, manifestly intended to be used by way of seal, is sufficient to have that effect. The object of the statute is plainly to remove the’ inconvenience that elsewhere exists, requiring a seal to be an impression upon wax, wafer, or some other tenacious substance capable of being impressed. The use of the word “seal” in locus sigilli is open to less doubt than the use of a flourish; and critically viewed the letters of the word actually form a scroll.
It is contended in argument that the word “ seal” was printed and not written. This does not appear by the record, and if it did, the same course of reasoning and conclusion would be applicable to the word in that foym as if it had been written.
It is very doubtful whether the foregoing question is presented to this court in the proper channel, but as it exists in the case, we seize the occasion to settle it conclusively.
Judgment affirmed.